**Timothy D. V. BAZROWX,**
**Plaintiff–Appellant,**

**v.**

**Wayne SCOTT, Director, Texas Department of Criminal Justice, Institutional Division; S.O. Woods, Jr.; Evelyn B. Williams; Kenneth Florance, Defendants–Appellees.**

**No. 97–50257.**

United States Court of Appeals,
Fifth Circuit.

March 25, 1998.

Timothy D. V. Bazrowx, Tennessee Colony, TX, pro se.

■■■■■■■■■■■■■■■■■■■■■■■■■■

Before JOLLY, WIENER and STEWART, Circuit Judges.

PER CURIAM:

This appeal from the district court's *sua sponte* dismissal, pursuant to 42 U.S.C. § 1997e(c), for failure to state a claim on which *pro se* Plaintiff–Appellant Timothy D.V. Bazrowx, a Texas prison inmate, could recover in his civil rights suit under 42 U.S.C. § 1983, requires us to establish as a matter of first impression in this circuit the appropriate standard of review for such a dismissal and, applying such standard, to determine whether the district court committed reversible error. We conclude that such dismissals under § 1997e(c) should be reviewed *de novo* on appeal, and hold that the district court did not err reversibly in dismissing Appellant's suit without prejudice for failure to state a claim for which relief could be granted.

■ As Appellant was not proceeding *in forma pauperis*, his complaint could not be dismissed pursuant to § 1915(e)(2).[1] Under the amendments to § 1997e and § 1915 wrought by the Prison Litigation Reform Act of 1995 (PLRA), the district court is required to dismiss a prisoner's complaint if it fails to state a claim for which relief can be granted. That phraseology is well known from Rule 12(b)(6), under which dismissal is "viewed with disfavor" and is reviewed *de novo*.[2] Although other circuits have determined that appeals from dismissals under § 1915(e)(2)(B)(ii) and § 1915A for failure to state a claim should be reviewed under the same *de novo* standard as appeals from dismissals under Rule 12(b)(6),[3] we find no persuasive or controlling authority for the appropriate standard of review for a dismissal under § 1997e(c) for failure to state a claim. As we nevertheless agree with the logic of those circuits that have adopted the *de novo* standard of review for such dismissals under § 1915(e)(2)(B)(ii) and § 1915A because that is the appropriate standard for Rule 12(b)(6) dismissals, we today adopt the *de novo* standard of review as appropriate in this circuit for appeals from such dismissals under § 1997e(c); and we now proceed to review the dismissal of Appellant's claim accordingly.

■ Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.[4] The district court may dismiss an action on its own motion under Rule 12(b)(6) "as long as the procedure employed is fair."[5] True, the district court erred in failing to give Appellant notice of the court's intention to dismiss his suit or an opportunity to amend his complaint.[6] Such error may be ameliorated, however, if the plaintiff has alleged his best case,[7] or if the dismissal was without prejudice.[8]

Here, the district court dismissed Appellant's case *without* prejudice. Moreover, our careful and thorough *de novo* review satisfies us that, as it stands, Appellant's complaint

---

1. *See Marts v. Hines,* 117 F.3d 1504, 1505 (5th Cir.1997) (en banc) (noting that a dismissal under the IFP statute does not act as a dismissal on the merits but merely as a denial of IFP status), *cert. denied,* — U.S. —, 118 S.Ct. 716, 139 L.Ed.2d 656 (1998).

2. *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 246–47 (5th Cir.1997) (citation and internal quotation omitted).

3. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997); *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir.1997); *Atkinson v. Bohn,* 91 F.3d 1127, 1128 (8th Cir.1996).

4. *Moawad v. Childs,* 673 F.2d 850, 851–52 (5th Cir.1982).

5. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed.1990) (footnote omitted); *see Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1185 (7th Cir. 1989) (requiring "both notice of the court's intention and an opportunity to respond" before *sua sponte* dismissal for failure to state a claim).

6. *See Moawad,* 673 F.2d at 851–52.

7. *See Jacquez v. Procunier,* 801 F.2d 789, 792–93 (5th Cir.1986).

8. *See Moawad,* 673 F.2d at 851–52.

does fail to state a claim for which relief could be granted. Given that conclusion and the district court's dismissal without prejudice, any error in failing to give notice and allow amendment is harmless. The ruling of the district court is, therefore,

AFFIRMED.